**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                                    **Respondent,**              **5:05-CR-26**
              **vs.**                                            **(NAM)**

**ROMMEL BURDINE,**

                                    **Petitioner.**
_____

**APPEARANCES:**                                **OF COUNSEL:**

Rommel Burdine
12553-052
FCI Ray Brook
P.O. Box 9007
Ray Brook, New York 12977
*Petitioner, Pro Se*

Andrew T. Baxter                                John G. Duncan, Esq.
United States Attorney                          Assistance U.S. Attorney
Northern District of New York
100 South Clinton Street
Room 900, P.O. Box 7198
Syracuse, New York  13261-7198

**Norman A. Mordue, Chief U.S. District Judge:**

**MEMORANDUM DECISION AND ORDER**

**I.      Introduction**

        In July 2005, petitioner pled guilty to possession with intent to distribute cocaine base

(crack), in violation of 21 U.S.C. § 841(a)(1).   In December 2005, petitioner was sentenced by

this Court to 120 months imprisonment.  Petitioner has filed the present motion (Dkt. No. 80)

pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence on the following grounds:

(1) the sentence is invalid because the government failed to comply with 21 U.S.C. § 851 and

improperly filed Enhanced Penalty Information; (2) the district court failed to comply with 21

U.S.C. § 851(b); and (3) that petitioner received ineffective assistance of counsel.  The

government opposes petitioner's motion. (Dkt. No. 82).

## II.    Factual and Procedural Background

The facts of this case, as briefly stated in the Plea Agreement executed by the parties, are

as follows: On March 22, 2004, petitioner was a passenger in a 1998 Oldsmobile in the area of the

400 block of Catherine Street.  Petitioner was searched and arrested.  While in his motor vehicle,

petitioner possessed approximately 15.76 grams of cocaine base (crack) which he intended to

distribute.

On June 7, 2004, the government filed Enhanced Penalty Information and served the same

upon the petitioner.[1]  The government asserted:

> Rommel Burdine, pled guilty in Onondaga County to Criminal
> Possession of a Controlled Substance in the Fifth Degree in violation
> of New York State Penal Law § 220.06(5) and sentenced to five years
> probation on or about January 30, 2002.
>
> The foregoing conviction is intended to be relied upon by the United
> States in any sentencing of the defendant to increase his punishment
> in accordance with Title 21, United States Code, Section 841(b).
>
> All pursuant to Title 21, United States Code, Section 851.

On January 13, 2005, a two-count indictment was filed.  Count 2 of the Indictment

charged that petitioner:

> knowingly and intentionally possessed with intent to distribute
> approximately 15.76 grams of a mixture or substance containing a
> detectable amount of cocaine base (crack), a Schedule II controlled

---

[1] Petitioner does not contest receipt of the information.

substance.   In violation of Title 21, United States Code, Section 841(a)(1).[2]

Pursuant to the written Plea Agreement, petitioner entered a plea of guilty to possession with intent to distribute cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1).  As part of the Plea Agreement, petitioner agreed as follows:

> 1.b.   Defendant admits he has previously entered a guilty plea in Onondaga County Court on December 5, 2001 to criminal Possession of a Controlled Substance in the Fifth Degree in violation of New York State Penal Law 220.06(5) for which he received youthful offender treatment.
>
> 2. **Potential Penalties**.  Rommel Burdine understands that his guilty plea to Count 2 of the Indictment will subject him to the following potential penalties:
>
> b.   Mandatory minimum of imprisonment: 10 years.  (21 U.S.C. 841(a)(1)(B)).
>
> 10. **Waiver of Appeal and Collateral Attack.** The Defendant acknowledges that, after consultation with defense counsel, he fully understands the extent of his rights to appeal, and/or to collaterally attack the conviction and sentence in this case, including by a challenge based upon *United States v. Booker* and *United States v. Fanfan*, 534 U.S. ___, 125 S.Ct. 738 (January 12, 2005) and their progeny. With the exception of challenging the applicability of his prior youthful offender finding as a penalty enhancement, Defendant waives any and all rights, including those conferred by 18 U.S.C. § 3742 and/or 28 U.S.C. § 2255, to appeal or collaterally attack his conviction and any sentence of imprisonment of 120 months or less, including any related issues with respect to the establishment of the Sentencing Guidelines range or the reasonableness of the sentence imposed. The Defendant acknowledges that the number of months specified above is not a promise of any particular sentence and is not binding on the Court. The Defendant agrees that, should the sentence imposed exceed 121 months, this would not permit his to withdraw his guilty plea or to appeal or collaterally attack his conviction, but would merely allow the Defendant to appeal or collaterally attack the

---

[2] After petitioner was sentenced, the government's motion to dismiss Count 1 of the Indictment was granted.

3

sentence imposed by the Court, to the extent permitted by 18 U.S.C.
§ 3742 and/or 28 U.S.C. § 2255.

On July 18, 2005, petitioner formally entered a change of plea and admitted facts set forth in the Plea Agreement which the government asserted established his guilt.   During the hearing, petitioner stated that he was pleading guilty freely and voluntarily:

> THE COURT: Has any force or threat been used against you to induce you to plead guilty?
>
> THE DEFENDANT: No.
>
> THE COURT: Are you pleading guilty freely and voluntarily?
>
> THE DEFENDANT: Yes.

Plea Transcript, p. 12.

On December 19, 2005, this Court sentenced petitioner to a term of 120 months.  The issue of petitioner's right of appeal was addressed at sentencing:

> THE COURT: Was there a waiver here?  Yes, there was; there was a 120-month waiver.
>
> MR. DUNCAN: Yes, Judge, and the exception is to allow the defendant to appeal the application of his prior youthful offender conviction.
>
> THE COURT: So There will be - - You're going to appeal that issue?
>
> MS. GILELS: Yes.
>
> THE COURT: Okay. That would be the only issue that would be appealed though?
>
> Ms. GILELS: Yes.

Sentencing Transcript, p. 17.

4

**III.    Discussion**

Section 2255 allows a convicted person held in federal custody to petition the sentencing court to vacate, set aside or correct a sentence.  *Morales v. U.S.*, 2008 WL 4761705, at * 3 (S.D.N.Y. 2008).  A § 2255 petitioner may collaterally attack his sentence on very limited grounds.  Indeed, a district court may only vacate or modify a sentence if the court "was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  *U.S. v. Addonizio,* 442 U.S. 178, 183 (1979).  To be otherwise subject to collateral attack, the sentence must suffer from an error of law that is either constitutional in magnitude or so fundamental as to result in a miscarriage of justice. *See id.; Parsons v. U.S.*, 919 F. Supp. 86, 88-89 (N.D.N.Y. 1996).  With these considerations in mind, the Court addresses the petition.

**A.    21 U.S.C. § 851(a)**

Section 851(a)(1), entitled Proceedings to establish prior convictions, provides as follows:

> (a) Information filed by United States Attorney
>
> (1) No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. Upon a showing by the United States attorney that facts regarding prior convictions could not with due diligence be obtained prior to trial or before entry of a plea of guilty, the court may postpone the trial or the taking of the plea of guilty for a reasonable period for the purpose of obtaining such facts. Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence.

21 U.S.C. § 851(a)(1).

Imposition of an enhanced penalty is not automatic and such a penalty may not be imposed unless the government files an information notifying the defendant in advance of trial (or prior to the acceptance of a plea of guilty) that it will rely on that defendant's prior convictions to seek a penalty enhancement. *Pryce v. U.S.*, 468 F.Supp.2d 588, 593 (S.D.N.Y. 2006) (holding that the purpose behind filing prior felony information is to put the defendant on notice that he is subject to an enhanced sentence and to give him the opportunity to challenge whether he was, in fact, so convicted).   Section 851 "was designed to satisfy the requirements of due process and provide the defendant with reasonable notice and an opportunity to be heard regarding the possibility of an enhanced sentence for recidivism". *U.S. v. Pritchett*, 496 F.3d 537, 548 (6th Cir. 2007) (citing *U.S. v. King*, 127 F.3d 483, 489 (6th Cir. 1997)).   Courts have repeatedly emphasized "the importance of interpreting § 851's notice requirements so as to avoid elevating form over substance." *Id*. (citing *U.S. v. Layne*, 192 F.3d 556, 576 (6th Cir. 1999)).   "As long as the information provides clear notice to a defendant of the prior convictions (and the court gives an opportunity to attack [such] convictions ...), then the statute has been satisfied." *U.S. v. Severino*, 316 F.3d 939, 944 (9th Cir. 2003) (internal citations omitted).

The Second Circuit has held that, "[s]ection 851's notice requirement reflects, essentially, two goals, first 'to allow the defendant to contest the accuracy of the information,' and second 'to allow defendant to have ample time to determine whether to enter a plea or go to trial and plan his trial strategy with full knowledge of the consequences of a potential guilty verdict' ". *Vadas v. U.S.*, 527 F.3d 16, 23 (2d Cir. 2007) (citing *U.S. v. Williams*, 59 F.3d 1180, 1185 (11th Cir.1999)).   The statute mandates that the information be filed before trial to give the defendants an opportunity to show they had not been previously convicted of those crimes subjecting them to

increased penalties.  *Id*.  In *Vadas*, the Second Circuit held that there was no doubt that the petitioner was provided sufficient notice to allow the petitioner to accept (or to prepare to challenge) a sentence enhancement based on a previous conviction.  *Id*.  The Court noted that the government filed the notice one year before the petitioner's entry of a guilty plea and further, that the petitioner stated that he knew that he was subject to a mandatory minimum ten-year sentence on account of a prior felony drug conviction, the validity of which he never challenged.  *Vadas*, 527 F.3d at 24.  Thus, the Court found that the purposes of § 851 were fulfilled and that the filing was effective.  *Id.*

In this case, petitioner argues that the Court improperly relied upon the Enhanced Penalty Information because the government erroneously filed the information prior to the grand jury indictment.  Petitioner cites to no caselaw to support this proposition.  Rather, petitioner relies upon 21 U.S.C. § 851(a)(2), which provides:

> An information may not be filed under this section if the increased punishment which may be imposed is imprisonment for a term in excess of three years unless the person either waived or was afforded prosecution by indictment for the offense for which such increased punishment may be imposed.

Under the plain language of § 851, the government need only file the information "before trial, or before entry of a plea of guilty" and "serve [ ] a copy of such information on the person or counsel for the person."  *U.S. v. Cooper*, 461 F.3d 850, 854 (7th Cir. 2006); *see also U.S. v. Timley*, 443 F.3d 615, 626 (8th Cir. 2006) (holding that the government is not required to refile a notice of enhanced sentence after the return of a superseding indictment).  Most cases raise issues about the timing of the filing and whether the information was filed soon enough, there is no authority for the proposition that the information can be filed too early.  *See Williams*, 59 F.3d at

1185 (holding that the statute requires the information to be filed "before trial" and the defendant knew the information had been filed and the consequences of the filing).  To determine whether filed information has become ineffective due to intervening events, the Court looks to the purpose of the statute.  *See U.S. v. Ramirez*, 501 F.3d 1237, 1239 (11th Cir. 2007) (holding that information filed under a different case number was still effective as the original notice fulfilled the purpose of the statute and it provided the defendant with ample time and opportunity to contest the accuracy of the information).

In the case at hand, the government filed the information nearly seven months prior to the indictment and almost one year prior to petitioner signing the plea agreement.   Petitioner does not allege that the information was inaccurate or that it contained erroneous facts.  Indeed, petitioner admitted to the prior conviction in the plea agreement.  Moreover, during the plea hearing, petitioner averred that he was pleading guilty freely and voluntarily and again admitted to the prior felony:

> THE COURT: Now, you did - - you've been arrested in the past; is that correct?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And you were convicted and given the youthful offender treatment the prior time on a felony?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Was that a felony you were arrested for?
>
> THE DEFENDANT: Yes.

Plea Transcript, pp. 12-13.  *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (statements at plea allocution "carry a strong presumption of verity"); *see also U.S. v. Bambulas*, 571 F.2d 525, 526

(10th Cir. 1978) (statements at plea allocution are conclusive absent credible reason "justifying departure from their apparent truth").

Petitioner further admitted to the prior felony during the Sentencing Hearing:

> THE COURT: I have the actual original here that was signed with you, Mr. Duncan, with Rommell Burdine and Lisa Gilels on 7/15. You signed it on 7/18. So. . . Is there any issue about whether or not he was convicted of this - -
>
> MS. GILELS: No, your Honor, not that he has a prior youthful offender conviction, or adjudication.
>
> THE COURT: Okay.

Sentencing Transcript. p. 9.

With regard to notice, petitioner does not claim that he did not receive the government's filing of the information in June 2004 or that he was not aware that the government had filed the information. Petitioner does not contend that this time period was insufficient to allow him to prepare to challenge the government's reliance upon the information. Provisions in the plea agreement demonstrate that petitioner had reasonable notice and the possibility to be heard regarding the enhancement. *See Pritchett*, 496 F.3d at 548 (holding that several paragraphs in the plea agreement expressly provided written notice to the appellant that he was subject to the enhancements). Moreover, petitioner's statements during the plea hearing reveal that he had adequate notice of the government's intention to rely upon the information:

> THE COURT: Is there anything you would like to ask me this morning about this particular case?
>
> THE DEFENDANT: I want to ask you about the enhancement and the youthful offender, YO.
>
> THE COURT: Okay. Do you want to ask that right now?

9

THE DEFENDANT: Yeah.

THE COURT: What do you want to ask me about that?  I know that they preserved the right for you to appeal that issue.  There is an enhancement for youthful offender?

THE DEFENDANT: But is it up to you?

THE COURT: That's the law.  A court higher than me has made those rulings.  Your attorney is aware of that and we've discussed it with the government and myself.  There is even more law today than there was at the time you were arrested last year in 2004.  But you're still going to - - I'm still going to give you, pursuant - - you've made an agreement with the government and I'm going to follow this agreement that says that you shall have the right to appeal that issue, whether or not it should rightfully be as an enhancement, the youthful offender.

THE DEFENDANT: So, basically, my minimum is what the papers says?

THE COURT: 120.

THE DEFENDANT: All right.

THE COURT: Okay?

THE DEFENDANT: Yeah.

Plea Transcript, pp. 11-12.

Further, the government informed petitioner and the Court of potential penalties:

THE COURT: Okay.  Mr. Duncan, would you inform the defendant and the court what the penalty is for the count involved here, the maximum:

MR. DUNCAN: Yes, Judge.  The maximum term of imprisonment for Count Two, given the defendant's prior YO and the quantity of drugs involved here, is life.  Mandatory minimum term of imprisonment is 10 years, or 120 months.  he is also subject to up to eight years of supervised release following release from any incarceration.  The maximum fine of $4 million, and $100 assessment.

10

Plea Transcript, at p. 16. Given this colloquy and the record, the Court is satisfied that the statutory purposes of § 851 have been satisfied and that petitioner was aware of the information and had ample time to prepare his strategy. The information was clearly filed before petitioner enter his guilty plea and no superseding events have been identified that would have interfered with the purpose of the statute. *See Ramirez*, 501 F.3d at 1239. Thus, the Court concludes that the requirements of § 851(a) were satisfied.[3]

**B.    21 U.S.C. § 851(b)**

Petitioner claims that the district court erred and violated Section 851(b).[4] Specifically, petitioner contends that he would have challenged the previous conviction during his sentencing hearing, but was not given the opportunity to do so because the government interrupted. Section 851(b) provides:

> Affirmation or denial of previous conviction
>
> If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

21 U.S.C. § 851(b). If the government files such information, the Court must, before sentencing but after conviction, inquire of the defendant whether he admits that he has been previously convicted as identified in the government's information. *U.S. v. Kent*, 93 Fed.Appx. 460, 463 (3d

---

[3] Petitioner also argues that the information is invalid because it was filed under a different docket number. However, based upon the aforementioned analysis and the *Ramirez* case, the Court finds the argument to lack merit.

[4] The government has not responded to this argument as petitioner presented the argument for the first time in reply.

11

Cir. 2004).  To demonstrate an error regarding § 851(b), the petitioner must show that he would

have been able to raise meritorious objections to the conviction had the district court complied

with § 851(b).  *U.S. v. Basey*, 275 Fed.Appx. 306, 307 (5th Cir. 2008); *see also Clemis v. U.S.*, 165

F.3d 26 (6th Cir. 1998) (holding that the district court's failure to conduct the § 851(b) colloquy

was irrelevant because the petitioner failed to set forth any arguable grounds upon which the prior

conviction may have been challenged).

Petitioner relies upon the following exchanged during the Sentencing Hearing:

> THE COURT: Well, I want to talk to him about that, under Section 851, that the client understands that.  Mr. Burdine, you understand, if you want to contest the prior conviction for youthful offender conviction, you have to do it before I pronounce the sentence in this matter; otherwise, you can't contest the validity of that conviction at another time?
>
> MR. DUNCAN: Well, Judge, I think he also has to admit it or deny it in the plea agreement.  In the plea agreement he admitted it.
>
> THE COURT: I thought he did.
>
> MR. DUNCAN: He did, very much so.  That's why I'm puzzled.
>
> MS. GILELS: I don't mean to interrupt, but your Honor, I didn't pull the plea minutes before I - - before I wrote my sentencing memorandum and I said it was unclear. I couldn't remember what  - - what happened, so I apologize?
>
> THE COURT: Did you get a chance to look at the plea minutes?
>
> MS. GILELS: Yes, I did.
>
> THE COURT: Are you satisfied then?
>
> THE DEFENDANT: Other than - -
>
> MS. GILELS: No, I'm just objecting for the record, your Honor, and I realize the Court's going to do what they're going to do.

12

Sentencing Transcript, p. 5.

Petitioner relies upon only a selected portion of the Sentencing Transcript.  However, a complete review of the record and all proceedings in their entirety establishes that the Court satisfied the requirements of § 851(b).  During both the plea and sentencing hearings, the Court specifically asked petitioner if he affirmed or denied his previous conviction.  Petitioner admitted to the prior conviction.  Petitioner's claim that he was not permitted to answer the specific inquiry by the Court referenced above does not negate the fact that he was advised by the Court, prior to sentencing, that he could not contest the validity of his conviction once sentence was pronounced.  Even assuming that the government interrupted petitioner and failed to allow petitioner to respond, such an error is harmless as petitioner has not set forth any factual basis for a challenge to the conviction.  *See U.S. v. Miles*, 172 F.3d 874 (6th Cir. 1998).

Based upon the aforementioned, the Court finds that the provisions of 21 U.S.C. § 851(b) were satisfied.

**C.      Denial of Effective Assistance of Counsel**

Petitioner claims that his counsel's performance was deficient and that as a result, he suffered prejudice.  Petitioner makes two arguments: (1) petitioner claims that counsel was, "ineffective for not challenging the improperness of the information"; and (2) petitioner contends that, "his counsel informed him of the statue [sic] and [he] was aware of enhancement under 21 U.S.C. § 851" but petitioner claims that he was "under the impression that his enhancement was a guidelines enhancement, not a statue [sic] enhancement".

A defendant is not entitled to representation by a "modern-day Clarence Darrow" - mere competence will suffice.  *U.S. v. Alessi*, 638 F.2d 466, 477 (2d Cir. 1980).  A claim for ineffective

13

assistance of counsel will succeed only if petitioner, who "bears the burden on both points,"

*Scarpa v. DuBois*, 38 F.3d 1, 8-9 (1st Cir. 1994), shows that "counsel's representation fell below

an objective standard of reasonableness" and that "there is a reasonable probability that, but for

counsel's unprofessional error, the result of the proceeding would be different." *Strickland v.*

*Washington*, 466 U.S. 668, 669 (1984).  The petitioner must establish that  there is a reasonable

probability that his counsel's deficient performance actually prejudiced his defense.  *U.S. v.*

*Trzaska*, 111 F.3d 1019, 1029 (2d Cir. 1997).  When a claim of ineffective assistance of legal

counsel is made, "[t]here is a strong presumption that an attorney's conduct satisfied the

constitutional minimum."  *U.S. v. Aguirre,* 912 F.2d 555, 560 (2d Cir. 1990).  "[T]he failure to

make a meritless argument does not rise to the level of ineffective assistance." *U.S. v. Kirsh*, 54

F.3d 1062, 1071 (2d Cir. 1995).

        The record does not support petitioner's contentions.  As the Court has previously

discussed, petitioner's claim that the government improperly filed the information is meritless.

Therefore, petitioner cannot claim ineffective assistance of counsel arguing that counsel failed to

present a baseless less argument.  The argument would not have resulted in a different outcome.

Nonetheless, the record demonstrates that petitioner's counsel objected to the information both in

a Sentencing Memorandum to the Court and during the Sentencing Hearing.

                THE COURT: Okay.  Your objections were the use of the youthful
                offender, giving the 10-year mandatory minimum.

                MS. GILELS: Yes.

Sentencing Transcript, pp. 3- 4.  The Court indicated, prior to sentencing, that it had considered

all pertinent information including submissions by counsel.  Therefore, the Court finds no support

for petitioner's first argument with regard to his counsel.

14

Petitioner also claims that he was not informed that the enhancement was statutory.

Again, petitioner's contentions are belied by the record:

> THE COURT: Mr. Burdine, has Mrs. Gilels discussed the Sentencing Guidelines with you?  In this case here, it's not so much the Guidelines.  Well, there is the statute plus the Guidelines, but the statute calls for the mandatory minimum of 120 months, right?
>
> MR. DUNCAN: That's correct, Your Honor.
>
> MS. GILELS: For the record, Your Honor, I did explain to him about the Guidelines; we did discuss that.
>
> THE COURT: You went over them?
>
> MS. GILELS: Yes.

Plea Transcript, p. 18.

The Court also asked petitioner if he was aware of his possible sentence:

> THE COURT:  You understand the penalty that could be imposed upon you on the date of sentence?
>
> THE DEFENDANT: What?
>
> THE COURT: I could sentence you to a minimum of 120 months, but I could sentence you to life, but the minimum sentence is 120 months?
>
> THE DEFENDANT: So I'm not promised 120 months?
>
> THE COURT: I don't think you're promised that, but I think that's what the government is recommending to me, are you not?
>
> MR. DUNCAN: That's correct, Your Honor.
>
> THE COURT: If something comes up, if something comes up in your sentence, in your Presentence Report, and I'm not aware of it.  Your lawyer has spoken to me all about you, the government has told me about you, we discussed all the facts of this and that's what happened, then I don't know why it would vary from 120 months.
>
> THE DEFENDANT: Okay.

15

Plea Transcript, pp. 19-20.

Moreover, during the hearing, the Court asked petitioner if he had sufficient opportunity and adequate time to discuss his case with his attorney and petitioner responded affirmatively. Moreover,  petitioner stated that he was fully satisfied with his representation:

> THE COURT: Tell me your lawyer's name please?
>
> THE DEFENDANT: Lisa Gilels.
>
> THE COURT: Was she appointed to represent you or did you hire her?
>
> THE DEFENDANT: She is appointed.
>
> THE COURT: Are you satisfied with her representation of you?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Has she advised you of your rights and gone over them with you?
>
> THE DEFENDANT : Yes.

Plea Transcript, pp. 10-11.

Despite petitioner's assertions regarding whether or not he understood the enhancement to be statutory or not, the record demonstrates that petitioner was aware of the sentencing parameters, i.e. - 10 years to life.  Moreover, petitioner has not established that any failure on the part of his counsel to advise him of the statutory enhancement would have affected the outcome of the matter.  Consequently, petitioner has failed to establish that counsel's representation fell below an objectively reasonable standard.  Short of establishing that any act or omission by his attorney likely affected the type or length of his sentence, petitioner's allegations herein fail the *Strickland* analysis.

**IV.     Conclusion**

16

Based upon the foregoing, petitioner's application pursuant to 28 U.S.C. § 2255 (Dkt. No. 80) is DENIED and the petition is dismissed.

**IT IS SO ORDERED.**

Date:  May 29, 2009

_____
Norman A. Mordue
Chief United States District Court Judge

17